**UNITED STATES of America, Appellee,**

v.

**Donald Eugene FORTNEY, Appellant.**

**No. 91–3040.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 11, 1992.

Decided Feb. 27, 1992.

George W. Appleby, Des Moines, Iowa, for appellant.

Mary C. Luxa, Des Moines, Iowa (Gene W. Shepard and Mary C. Luxa, on brief), for appellee.

Before McMILLIAN, LOKEN and HANSEN, Circuit Judges.

PER CURIAM.

Donald Eugene Fortney appeals his 57-month sentence imposed by the United States District Court[1] for the Southern District of Iowa following his guilty plea to possessing a sawed-off shotgun in violation of 26 U.S.C. §§ 5861(c), 5871. We affirm.

A grand jury returned a two-count indictment against Fortney, charging him with being a felon in possession of a firearm and possessing a sawed-off shotgun. Before the parties executed a plea agreement, the government supplied Fortney with his FBI "rap sheet," which contained all the information the government had on Fortney's criminal history. The rap sheet listed three prior convictions. The government also provided Fortney with a preliminary sentencing calculation in which it estimated that Fortney's criminal history category was II. The government indicated that this was a "rough estimate," and that the probation office would make the final calculation.

Fortney subsequently entered into a plea agreement with the government which provided that he would plead guilty to possessing a sawed-off shotgun, and the government would dismiss the felon-in-possession charge. The government agreed to make no recommendation as to what sentence within the applicable range ought to be imposed. On June 19, 1991, the district court accepted the plea agreement and ordered the probation office to prepare a presentence report (PSR).

The probation office prepared a draft PSR which was sent to the parties in early August 1991. The draft PSR included a criminal history computation based upon a total of seven prior convictions, four of which had not been mentioned in the rap sheet provided by the government during the plea negotiations. By letter dated August 7, 1991, Fortney objected to the draft PSR, urging reduction of his criminal history category on grounds that it included four convictions of which he did not receive notice prior to his guilty plea. The final PSR prepared by the probation office included all seven convictions, despite Fortney's objection.

At sentencing, Fortney renewed his objection to the PSR's criminal history calculation. Fortney did not indicate that he wished to withdraw his guilty plea. He asked the district court to sentence him based upon the criminal history information disclosed to him by the government. This would have established a sentencing range of 27 to 33 months based on an offense level of 16 and a criminal history category of III. The district court denied his request, finding that the plea agreement did not require a sentence based on a particular criminal history category. The district court then sentenced Fortney to 57 months based on an offense level of 16 and a criminal history category of VI. On appeal, Fortney reiterates the argument he presented to the district court.

In order to be valid, a guilty plea must be "a voluntary and intelligent choice among

---

1. The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). Thus, before a court may accept a guilty plea, it must inform the defendant of, inter alia, "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty." Fed. R.Crim.P. 11(c)(1). However, a district court "is not required to inform the defendant of the applicable guideline range or the actual sentence he will receive" prior to accepting a guilty plea. *United States v. Thomas*, 894 F.2d 996, 997 (8th Cir.) (per curiam), *cert. denied*, 495 U.S. 909, 110 S.Ct. 1935, 109 L.Ed.2d 298 (1990).

█ Fortney does not argue that the district court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure. He also does not contest the validity of his seven prior convictions. He concedes that he may not withdraw his plea based upon the government's inaccurate estimate of his sentence and, in fact, he indicated to the district court that he does not want to withdraw his plea. Fortney instead argues that his sentence should be reduced to reflect the range suggested by the government's erroneous criminal history estimate.

█ Fortney is not entitled to be sentenced based on incorrect information. *Cf. Poor Thunder v. United States*, 810 F.2d 817, 822 (8th Cir.1987) (defendant has due process right to be sentenced on basis of materially accurate facts). Moreover, the government did not breach the terms of the plea agreement, thereby entitling Fortney to specific performance. *See United States v. Coleman*, 895 F.2d 501, 505 (8th Cir.1990) (government's failure to fulfill plea agreement permits defendant to seek specific performance or withdrawal of plea). Nor do we find, in this instance, that the government's incorrect estimate of Fortney's criminal history category renders the guilty plea invalid.[2] There is no evidence that the government acted in bad faith or in a manner inconsistent with the requirements of Rule 11. Finally, given

Fortney's extensive criminal history (seven convictions between 1978 and 1990), we are not persuaded that he was misled by the FBI rap sheet which revealed only three prior convictions.

Accordingly, we affirm.

---

**2.** *Cf. United States v. Rhodes*, 913 F.2d 839, 842–43 (10th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1079, 112 L.Ed.2d 1184 (1991) ("The fact that the applicable Sentencing Guideline range was higher than defense counsel estimat-

ed ... does not demonstrate a violation of Federal Rule of Criminal Procedure 11.'") (*citing United States v. Turner*, 881 F.2d 684, 686 (9th Cir.), *cert. denied*, 493 U.S. 871, 110 S.Ct. 199, 107 L.Ed.2d 153 (1989)).