**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Keith A. LUDWIG, also known as Michael Oates, Defendant–Appellant.**

No. 91–3683.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1992.

Decided Aug. 14, 1992.

Mark Alan Weber, Omaha, Neb., argued, for defendant-appellant.

Joen Grant, Asst. U.S. Atty., Omaha, Neb., argued, for plaintiff-appellee.

Before JOHN R. GIBSON, Circuit Judge, PECK,* Senior Circuit Judge, and BEAM, Circuit Judge

JOHN R. GIBSON, Circuit Judge.

Keith Ludwig appeals from the district court's order denying his motion to withdraw his guilty pleas to several bank robbery charges. He gives two reasons why he should have been allowed to withdraw

---

* The HONORABLE JOHN W. PECK, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

the pleas. First, he argues that the government represented to him that he would be sentenced within a certain guideline range, and it was later determined that application of the Career Offender guideline, United States Sentencing Commission, *Guidelines Manual,* § 4B1.1 (Nov.1991), required a substantially longer sentence than Ludwig anticipated. Second, he claimed innocence of two of the bank robberies which he had earlier admitted committing. The district court[1] determined that no commitments had been made to Ludwig that he would be sentenced under the lower range, and that Ludwig gave no explanation for his new claim of innocence, and accordingly denied the motion. We affirm.

Ludwig was charged in Nebraska with one count of bank robbery, in violation of 18 U.S.C.A. § 2113(a) and (d) (West Supp. 1992), and one count of using a firearm during the offense, in violation of 18 U.S.C.A. § 924(c)(1) (West Supp.1992). Ludwig first pleaded not guilty to the charges. He was then examined for a determination of his competency and was found competent to stand trial. Ludwig later entered into a plea agreement in which he agreed to plead guilty to both counts of the Nebraska indictment. He also agreed to request transfer and waive venue and indictment to plead guilty to two separate counts of bank robbery in Oregon and Wisconsin. The plea agreement stated the statutory maximum of each of the charges. Specifically, the bank robbery charged in Count I of the Nebraska indictment carried a 25–year sentence, and the firearm charge in Count II required a penalty of five years, which would be consecutive to any other sentence. The maximum penalties for the Oregon and Wisconsin bank robberies were 20 years each. The agreement also provided that any sentence would be imposed in accordance with the Guidelines, and that there should be a two-level increase for obstruction of justice.

Two provisions of the agreement are of particular interest:

Any other element of sentencing guidelines computation not specifically set forth herein is not part of this agreement and both parties are free to advocate the application or nonapplication of any sentencing guideline during the presentence and sentencing process. All parties understand that ny [sic] agreement regarding the sentencing guideline computations are merely recommendations and that the application or nonapplication of any guideline is left for the discretion of the sentencing judge upon receipt of the presentence investigation report by the U.S. Probation Office.

. . . .

No promises, agreements, or conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties.

After Ludwig signed the plea agreement, the Assistant United States Attorney faxed to Ludwig's counsel her calculations of Ludwig's likely sentence under the United States Sentencing Guidelines. It showed an offense level of 27, with guideline ranges of 120–150 months based on a criminal history category of V, and 130–162 months based on a criminal history category of VI. Ludwig's counsel had independently calculated Ludwig's sentencing range and reached similar results.

After Ludwig entered the guilty pleas, he and his counsel received the presentence report (PSR), which classified Ludwig as a career offender under U.S.S.G. § 4B1.1. It gave him a criminal history category of VI and an offense level of 32, establishing a guideline range of 210–262 months.

Ludwig then moved to withdraw the guilty pleas because the PSR's guideline sentencing range far exceeded his counsel's and the government's calculations. At the hearing on his motion to withdraw, Ludwig also claimed innocence of the Oregon and Wisconsin offenses. The district court examined a copy of the fax of the

---

**1.** The Honorable William G. Cambridge, United States District Judge for the District of Nebraska.

Assistant United States Attorney's guideline calculations, and stated that at least on the face of the document, there was nothing to indicate that it was a guarantee, a promise, or an assurance as to the application of the Guidelines. The court then asked Ludwig's counsel whether the government had represented to him or Ludwig that this would be the guideline applicable in this case. Counsel responded: "Absolutely not, Your Honor.... I wouldn't expect it of [the Assistant United States Attorney]." Ludwig's counsel further explained that he generally made his own calculations but also requested the United States Attorney's calculations to prepare his objections to the PSR. The first he knew of the applicability of the career criminal offender provision was in the PSR.

The court then asked counsel if he ever assured, promised, or guaranteed the defendant that the sentencing guidelines calculations contained in the transmitted documents would, in fact, be the sentence or the sentencing guidelines applicable to Ludwig. Ludwig's counsel stated that he did not indicate to Ludwig that this was absolutely the sentence that he would receive, but that based on his calculations, thought it was probably where it would end up. He further stated that on several occasions he told Ludwig that "neither the U.S. Attorney nor myself had any right to make any comments about a certain sentence, and that it was in the absolute discretion of the Court" to pass sentence. The district judge then commented that at the arraignment he had advised Ludwig of the maximum possible penalties in each of the cases, that the sentences could be made consecutive instead of concurrent, and that if the maximums were imposed Ludwig could receive up to 65 years of imprisonment. He also stated that he would have to consider the Guidelines in imposing sentence. The district judge further noted that Ludwig indicated he was aware of these consequences.

The district court then found that Ludwig's ignorance of the career offender provision did not constitute fair and just reason to allow him to withdraw his guilty pleas. Furthermore, Ludwig had stated during his arraignment that he committed each of the offenses, which contradicted his new claim of innocence on the Oregon and Wisconsin charges. The district court denied the motion to withdraw the guilty pleas, and then accepted the plea agreement and Ludwig's pleas of guilty. The district court determined that Ludwig's offense level and criminal history category were correctly calculated in the PSR and sentenced Ludwig within the applicable range. This appeal followed.

Before sentencing, a district court may allow a defendant to withdraw a guilty plea for "any fair and just reason." Fed. R.Crim.P. 32(d). The defendant has the burden of establishing such reason. *United States v. Thompson*, 906 F.2d 1292, 1298 (8th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 530, 112 L.Ed.2d 540 (1990). A district court's denial of a motion to withdraw is reversible only for an abuse of discretion. *United States v. Abdullah*, 947 F.2d 306, 311 (8th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1969, 118 L.Ed.2d 569 (1992).

■ Ludwig argues that he has established a fair and just reason for withdrawal, as he pled guilty in reliance upon the guideline calculations made by both the government and his own counsel. He relies on *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), which states that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262, 92 S.Ct. at 499. Ludwig argues in his brief that:

> While it is not the contention of the Defendant that the prosecutor promised the specific guideline ranges as calculated by both herself and Defendant's counsel, such a representation of *probable* sentencing induced the Defendant to enter the plea agreement and thus must be considered part of the consideration for the plea.

(Emphasis added). Ludwig reiterates that he first became aware that he would be considered a career criminal on or about August 1, 1991, after he had accepted the plea bargain. While his attorney made specific objections in August to the criminal history category calculated in the PSR, the district court did not overrule the objections until late October 1991.

Ludwig argues that the remedy for breach of the agreement is either specific performance or withdrawal of the guilty pleas, and claims that there was reliance and breach of an agreement so as to justify such relief. The shortcoming of Ludwig's argument is simply that there was no agreement that he was to be sentenced under the lower guideline range. The written plea agreement is specific in its terms and promises no certain sentencing range. The district court in its interrogation of counsel at the hearing fully established that there was no such agreement. Ludwig's argument does not go so far as to say that there was an agreement, but characterizes it only as a representation of "probable" sentencing.

Under the circumstances, we cannot conclude that the district court erred in denying the withdrawal of the pleas. Moreover, even if Ludwig misunderstood the application of the Guidelines to his sentence, this would not entitle him to withdraw his guilty pleas, as he was apprised of the possible range of punishment and told that the Guidelines would apply. *See United States v. Hoelscher*, 914 F.2d 1527, 1544 (8th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 971, 112 L.Ed.2d 1057 (1991).

Ludwig also argues that his proclaimed innocence of the bank robberies in Oregon and Wisconsin provides a fair and just reason for him to withdraw his guilty pleas. We reject this argument, as the district court made clear that Ludwig admitted during his arraignment that he had committed the robberies. Ludwig presented no evidence to support his claim, and his "mere assertion of innocence, absent a substantial supporting record[,] will not be sufficient to overturn a denial of a motion to withdraw." *United States v. Clark*, 931

F.2d 292, 295 (5th Cir.1991) (citing *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984), *cert. denied,* 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985)).

We affirm the order of the district court denying the motion to withdraw the guilty pleas, the judgment, and the sentence imposed.