991 F.2d 802
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Robert Lee RIDOUT, Appellant.
 No. 92-3667.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 12, 1993.
Filed: April 22, 1993.
 
 Before WOLLMAN, MORRIS SHEPPARD ARNOLD, Circuit Judges, and STOHR,* District Judge.
 PER CURIAM.
 
 
 1
 Robert Lee Ridout appeals the 138-month sentence imposed by the district court[1] following his guilty pleas to drug and firearm crimes. We affirm.
 
 
 2
 Ridout sold a total of 11.72 grams of methamphetamine of unknown purity to undercover agents on five separate occasions between September 17 and November 5, 1991, from his home. On November 6, 1991, law enforcement authorities raided the home and discovered various quantities of marijuana and methamphetamine packaged for resale, along with drug paraphernalia. The officers also found $727.75 in cash on Ridout's person and a loaded .38 caliber Colt revolver under a pillow next to a scale on which Ridout had weighed drugs. The authorities also seized 224.90 grams of marijuana, 1.80 grams of processed marijuana, 34.77 grams of methamphetamine of unknown purity, and 207.03 grams of methamphetamine of varying levels of purity.
 
 
 3
 Pursuant to a plea bargain, Ridout agreed to plead guilty to: conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846; distributing methamphetamine within 1000 feet of a public school, in violation of 21 U.S.C. §§ 841(a)(1), 860; and using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). The plea agreement stated that the government made no express or implied promise or guarantee concerning the actual sentence to be imposed. The parties stipulated that Ridout distributed at least 100 grams, but less than one kilogram, of a mixture containing methamphetamine.
 
 
 4
 At the plea hearing, the Assistant United States Attorney (AUSA) stated that at the time the parties entered into the plea agreement, the government had tested 207.03 grams of the methamphetamine for purity levels, and the tests yielded 86.19 grams of pure methamphetamine. The AUSA further stated that the government did not intend to test the other 46.49 grams in its possession because it wanted to avoid increasing the mandatory minimum sentence applicable to Ridout. The AUSA and Ridout's attorney indicated that they believed the correct base offense level on the methamphetamine charge would be 26. The district court clearly informed Ridout, however, that it had to make the final decision regarding the Guidelines calculations.
 
 
 5
 The presentence report (PSR) subsequently calculated Ridout's base offense level as 30 based on the drugs seized from his residence. The PSR converted the drugs to their marijuana equivalency, using 86.19 grams of pure methamphetamine and 46.49 grams of methamphetamine of undetermined purity as the basis for the conversion. After making other adjustments, the PSR concluded that Ridout's total offense level was 28 and his criminal history category was I, resulting in a sentencing range of 78 to 97 months on the drug charges and a consecutive 60-month sentence for the firearm charge. Ridout objected to the base offense level calculation, claiming that he was led to believe he would be sentenced on the basis of 253 grams of a mixture or substance containing methamphetamine, which would result in a base offense level of 26. Ridout also objected to the PSR's failure to include a reduction under U.S.S.G. § 3B1.2 for his role in the offense. Ridout claimed he was entitled to a reduction because he was not a big dealer and was not part of a big drug-selling operation.
 
 
 6
 Prior to sentencing, Ridout wrote to the district court, stating that he had pleaded guilty with the understanding that his base offense level would be 26. The court responded by informing Ridout that if he believed that he was misled about his potential sentence and that his guilty plea was therefore involuntary, he should move to withdraw his guilty plea. Defense counsel stated that he had reviewed the court's response with Ridout and that Ridout had decided not to move to withdraw his plea. The district court reiterated that if Ridout felt he had been misled, he should move to withdraw the plea. Ridout decided to let the plea stand. Ridout then asserted that he had entered his plea under the belief that the base offense level would be 26 and argued that the court should use that level to determine the sentence. Ridout also contended that he should be given a two-level minor-participant reduction under section 3B1.2(b) on the ground that he was a small-time dealer whose primary objective was to sell enough dope to support his habit. The district court rejected both arguments and sentenced Ridout to seventy-eight months on the drug convictions and a consecutive sixty months on the weapons offense.
 
 
 7
 On appeal, Ridout argues that the government breached the plea agreement and that the district court erred by denying his request for a minor-participant reduction.
 
 
 8
 We reject Ridout's claim that the government breached the terms of the plea agreement regarding the base offense level under which he was to be sentenced, because the written agreement contained no provision establishing the base offense level. See, e.g., United States v. Ludwig, 972 F.2d 948, 951 (8th Cir. 1992); United States v. Coleman, 895 F.2d 501, 506 (8th Cir. 1990). Instead, the agreement specifically provided that the parties did not have an express or implied promise as to the actual sentence to be imposed. Moreover, at the plea hearing, after the AUSA stated that he thought the base offense level would be 26, the district court reminded Ridout that it would make the final determination. See Ludwig, 972 F.2d at 951; United States v. Fortney, 957 F.2d 629, 630-31 (8th Cir.) (per curiam), cert. denied, 113 S. Ct. 290 (1992).
 
 
 9
 Ridout's contention that the district erred by denying his request for a two-level minor-participant reduction under section 3B1.2(b) also lacks merit. We review the denial of such a reduction under the clearly-erroneous standard. United States v. Wilson, 955 F.2d 547, 551 (8th Cir. 1992). "[A] minor participant [is] any participant who is less culpable than most other participants." Section 3B1.2(b), comment. (n.3). The defendant has the burden of proving the applicability of reductions to the offense level. United States v. Dinges, 917 F.2d 1133, 1135 (8th Cir. 1990). Ridout did not produce any evidence in support of his request for the reduction at sentencing. The record reveals that law enforcement authorities seized 253 grams of methamphetamine from his home. Moreover, Ridout admitted that he had sold one-eighth-ounce quantities of methamphetamine and that he had sold drugs to undercover officers on five separate occasions. See United States v. Harris, 974 F.2d 84, 86 (8th Cir. 1992).
 
 
 10
 Accordingly, the judgment is affirmed.
 
 
 
 *
 The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri, sitting by designation
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa