_____

No. 95-1736
_____

United States of America,        *
                                 *
            Appellee,            *
                                 *   Appeal from the United States
     v.                          *   District Court for the
                                 *   Eastern District of Arkansas.
Robert L. Perry,                 *
                                 *   [UNPUBLISHED]
            Appellant.           *


_____

            Submitted:  November 29, 1995

               Filed:  December 4, 1995
_____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Robert L. Perry appeals the district court's[1] denial of his motion to
withdraw his guilty plea, and he also appeals his 63-month sentence.  We
affirm.


     Perry pleaded guilty to one count of distributing cocaine base
(crack), in violation of 21 U.S.C. § 841(a).  On the day of sentencing--
almost three months after pleading  guilty--Perry moved to withdraw his
plea.  At the hearing on his motion, Perry testified that he was innocent
and had believed, based on conversations with his attorney, that he would
be sentenced to between 18 and 60 months imprisonment, as opposed to the
higher sentencing range reflected in his presentence report.  He also
testified that he pleaded guilty, and falsely affirmed the factual

_____

     [1]The Honorable William R. Wilson, United States District Judge
for the Eastern District of Arkansas.

basis for his plea, because he was nervous and feared that he would receive a higher sentence if he was tried and convicted by a jury. Perry's attorney testified that he could not confirm discussing with Perry the possibility of an 18-month sentence. The district court denied the motion, reminding Perry that it had advised him of the difficulty of predicting the Guidelines range, and that Perry had affirmed no promises were made to him to induce his guilty plea.

We conclude the district court did not abuse its discretion in denying Perry's motion to withdraw his guilty plea, because Perry failed to establish a fair and just reason for doing so. Fed. R. Crim. P. 32(e); United States v. Newson, 46 F.3d 730, 732 (8th Cir. 1995) (standard of review); United States v. Yell, 18 F.3d 581, 582-83 (8th Cir. 1994) (spurious and incredible claim that guilty plea was involuntary result of mental stress is not fair and just reason permitting withdrawal); United States v. Ludwig, 972 F.2d 948, 951 (8th Cir. 1992) (unsupported assertion of innocence not sufficient to overturn denial of motion to withdraw); United States v. Jones, 979 F.2d 317, 318 (3d Cir. 1992) (fear of punishment is inadequate reason to force government to try defendant who acknowledged his guilt); United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992) (assertion of innocence--"even a `swift change of heart after the plea'"--is not fair and just reason for withdrawing plea) (quoted case omitted).

Even if Perry's counsel told him he would receive an 18-month sentence and Perry relied on that representation in pleading guilty, the change-of-plea transcript shows that Perry was notified of the possible punishment and that the Guidelines would apply. See Ludwig, 972 F.2d at 950-51. Moreover, Perry was fully informed of the rights he was waiving, and his plea-hearing representations support the district court's finding that he knowingly and voluntarily pleaded guilty. See Yell, 18 F.3d at 582-83. In such

-2-

a case, the occasion for setting aside a guilty plea seldom arises. <u>Newson</u>, 46 F.3d at 730.

We conclude Perry's constitutional challenge to the 100-to-1 ratio between the penalties for crack cocaine and powder cocaine is meritless. We have consistently rejected the claim that any disparate impact occasioned by the distinction between the penalties for crack and powder cocaine violates the Equal Protection Clause. <u>See</u> <u>United States v. Delaney</u>, 52 F.3d 182, 189 (8th Cir.), <u>cert. denied</u>, 116 S. Ct. 209 (1995); <u>United States v. Clary</u>, 34 F.3d 709, 710-14 (8th Cir. 1994), <u>cert. denied</u>, 115 S. Ct. 1172 (1995). While Perry urges us to overturn <u>Clary</u>, only the court en banc can overturn the decision of another panel of this court, <u>United States v. Polanco</u>, 53 F.3d 893, 896 (8th Cir. 1995), <u>pet. for cert. filed</u>, No. 95-5022 (U.S. June 29, 1995), and we recently refused to reconsider our decision in <u>Clary</u>, <u>United States v. Thompson</u>, 51 F.3d 122, 127 (8th Cir. 1995).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-