70 F.3d 1276
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Robert L. PERRY, Appellant.
 No. 95-1736.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 29, 1995.
Filed Dec. 4, 1995.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert L. Perry appeals the district court's[1] denial of his motion to withdraw his guilty plea, and he also appeals his 63-month sentence. We affirm.
 
 
 2
 Perry pleaded guilty to one count of distributing cocaine base (crack), in violation of 21 U.S.C. Sec. 841(a). On the day of sentencing--almost three months after pleading guilty--Perry moved to withdraw his plea. At the hearing on his motion, Perry testified that he was innocent and had believed, based on conversations with his attorney, that he would be sentenced to between 18 and 60 months imprisonment, as opposed to the higher sentencing range reflected in his presentence report. He also testified that he pleaded guilty, and falsely affirmed the factual basis for his plea, because he was nervous and feared that he would receive a higher sentence if he was tried and convicted by a jury. Perry's attorney testified that he could not confirm discussing with Perry the possibility of an 18-month sentence. The district court denied the motion, reminding Perry that it had advised him of the difficulty of predicting the Guidelines range, and that Perry had affirmed no promises were made to him to induce his guilty plea.
 
 
 3
 We conclude the district court did not abuse its discretion in denying Perry's motion to withdraw his guilty plea, because Perry failed to establish a fair and just reason for doing so. Fed.R.Crim.P. 32(e); United States v. Newson, 46 F.3d 730, 732 (8th Cir.1995) (standard of review); United States v. Yell, 18 F.3d 581, 582-83 (8th Cir.1994) (spurious and incredible claim that guilty plea was involuntary result of mental stress is not fair and just reason permitting withdrawal); United States v. Ludwig, 972 F.2d 948, 951 (8th Cir.1992) (unsupported assertion of innocence not sufficient to overturn denial of motion to withdraw); United States v. Jones, 979 F.2d 317, 318 (3d Cir.1992) (fear of punishment is inadequate reason to force government to try defendant who acknowledged his guilt); United States v. Morrison, 967 F.2d 264, 268 (8th Cir.1992) (assertion of innocence--"even a 'swift change of heart after the plea' "--is not fair and just reason for withdrawing plea) (quoted case omitted).
 
 
 4
 Even if Perry's counsel told him he would receive an 18-month sentence and Perry relied on that representation in pleading guilty, the change-of-plea transcript shows that Perry was notified of the possible punishment and that the Guidelines would apply. See Ludwig, 972 F.2d at 950-51. Moreover, Perry was fully informed of the rights he was waiving, and his plea-hearing representations support the district court's finding that he knowingly and voluntarily pleaded guilty. See Yell, 18 F.3d at 582-83. In such a case, the occasion for setting aside a guilty plea seldom arises. Newson, 46 F.3d at 730.
 
 
 5
 We conclude Perry's constitutional challenge to the 100-to-1 ratio between the penalties for crack cocaine and powder cocaine is meritless. We have consistently rejected the claim that any disparate impact occasioned by the distinction between the penalties for crack and powder cocaine violates the Equal Protection Clause. See United States v. Delaney, 52 F.3d 182, 189 (8th Cir.), cert. denied, 116 S.Ct. 209 (1995); United States v. Clary, 34 F.3d 709, 710-14 (8th Cir.1994), cert. denied, 115 S.Ct. 1172 (1995). While Perry urges us to overturn Clary, only the court en banc can overturn the decision of another panel of this court, United States v. Polanco, 53 F.3d 893, 896 (8th Cir.1995), pet. for cert. filed, No. 95-5022 (U.S. June 29, 1995), and we recently refused to reconsider our decision in Clary, United States v. Thompson, 51 F.3d 122, 127 (8th Cir.1995).
 
 
 6
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas