**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 22 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JASON CORY BARBER, also known
as David Barrett, also known as Aaron
Brown,

Defendant-Appellant.

No. 98-2106
(D.C. No. CR-97-446-JC)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

Defendant Jason Corey Barber pled guilty to one count of possession with

intent to distribute 100 grams or more of methamphetamine in violation of

21 U.S.C. § 841(b)(1)(B).  Mr. Barber believed, mistakenly, that he would receive

a sentence of nine to eleven years' imprisonment under his plea bargain.  Because

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

he was a career offender, as defined in § 4B1.1 of the United States Sentencing Commission, *Guidelines Manual* (Guidelines), he was sentenced to approximately fifteen years' imprisonment. Mr. Barber appeals, seeking specific performance of the sentence that he expected to receive under the terms of his plea agreement.[1] We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## I. Background.

Mr. Barber was originally charged with one count of possession with intent to distribute more than 100 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and one count of possession with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). The government also filed an enhancement information pursuant to 21 U.S.C. § 851 stating that Mr. Barber had a prior felony conviction and, therefore, the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(B) should be applied.[2] Pursuant to the enhanced penalty

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2]    21 U.S.C. § 851 provides, in part, that:

> [n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty,

(continued...)

provisions of 21 U.S.C. § 851, Mr. Barber faced a mandatory minimum sentence of ten years to life imprisonment.

Mr. Barber agreed to enter a guilty plea to the methamphetamine charge in exchange for the government's agreement to dismiss the marijuana charge and the enhancement information. A written plea agreement was signed to this effect and was presented to the district court at a plea hearing. During plea negotiations and at the plea hearing, both the United States Attorney and Mr. Barber's counsel believed that Mr. Barber had only one prior felony conviction. Based on this belief, the government estimated that Mr. Barber's sentence under the plea agreement would be between nine and eleven years' imprisonment.

In fact, as determined by the probation officer in the presentence report prepared after the plea hearing, Mr. Barber had three prior felonies. The presentence report recommended that Mr. Barber be classified as a career offender under U.S.S.G. § 4B1.1 because he had at least two prior felony convictions involving controlled substance offenses. Under the enhanced career offender sentencing provisions of U.S.S.G. § 4B1.1, Mr. Barber's criminal history

---

[2](...continued)
the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

category was Category VI, resulting in a sentence under the plea agreement of 188 to 235 months' (15.6 to 19.6 years') imprisonment.

Mr. Barber objected to the presentence report, arguing that the court lacked jurisdiction to enhance his sentence under the career offender provisions because the government had agreed to dismiss the 21 U.S.C. § 851 enhancement information. Mr. Barber argued he was not receiving the benefit promised by the plea agreement because the enhanced career offender sentence of 188 to 235 months was substantially the same sentence that the government had estimated his sentence would be if he did not plead guilty. He also argued that the government had failed to disclose to him that he had more than one felony conviction and had never raised the possibility that he would be classified as a career offender.

At the sentencing hearing, the government offered to allow Mr. Barber to withdraw from his plea agreement and proceed to trial. Instead, the district court continued the hearing to allow the government time to consider a different plea with a sentence within the range that Mr. Barber had anticipated he would receive under the plea agreement. The parties did not reach any new agreement. At the second sentencing hearing, the government renewed its offer to allow Mr. Barber to withdraw from the plea agreement, but Mr. Barber declined. He asked for specific performance of a sentence between nine and eleven years' imprisonment, based on the government's original estimate of his sentence under the plea

agreement. The district court rejected his arguments, sentencing him to 188 months under the career offender provisions.

## II. Analysis.

Mr. Barber presents numerous arguments on appeal in support of his claim that the government breached the terms of the plea agreement and that he is entitled to specific performance of the agreement, as he understood its terms. Mr. Barber does not assert he should be allowed to withdraw his guilty plea.

"Where the government obtains a guilty plea predicated in any significant degree on a promise or agreement of the prosecuting attorney, such promise must be fulfilled to maintain the integrity of the plea." *See United States v. Byre*, 146 F.3d 1207, 1209 (10th Cir. 1998). "To determine whether a breach has, in fact, occurred, we apply a two-step process: (1) we examine the nature of the government's promise; and (2) we evaluate this promise in light of the defendant's reasonable understanding of the promise at the time the guilty plea was entered." *Id*. at 1210. "We apply general principles of contract law to define the nature of the government's obligations in a plea agreement." *Id*. "Accordingly, we determine the government's obligations by reviewing the express language used in the agreement." *Id*.

Mr. Barber asserts he relied upon the government's "representations" of a sentence between nine to eleven years in deciding to enter his guilty plea. He

bases this argument on two estimates of his sentence made by the government prior to the presentence report. First, in its plea offer, the government indicated that defendant faced in excess of seventeen years' imprisonment if he did not accept the plea but, under the proposed plea offer, his sentence could be reduced to as low as nine years. R. Vol. I, Doc. 35, Ex. A. Second, during the plea hearing, the government told the court it estimated Mr. Barber's sentence would be nine to eleven years' imprisonment. R. Vol. II (10/29/97 Plea Hearing Transcript), at 8.

These claims fail because it is clear from the record that the government never made any representations to Mr. Barber that his sentence would be between nine and eleven years. The government's plea offer estimated his sentence, but includes the warning that, "there is no guarantee as to what sentence [the district court] would impose under the Guidelines." R. Vol. I, Doc. 35, Ex. A at 1. The plea agreement did not promise Mr. Barber a specific sentence; to the contrary, the plain and unambiguous terms of the plea agreement disavow any agreement as to a particular sentence and state that the sentence would be determined by the district court after the preparation of the presentence report. "It is a fundamental rule of contract law that the terms of a clear and unambiguous written contract cannot be changed by parol evidence." *United States v. Gamble*, 917 F.2d 1280, 1282 (10th Cir. 1990). In relevant part, Mr. Barber's plea agreement states that:

[T]he defendant understands that the minimum and maximum penalty the Court can impose is . . . imprisonment for a period of not less than five (5) years nor more than forty (40) years. . . .

* * *

[T]he defendant . . . understands that no one can predict with certainty what guideline range will be applicable in this case until after a presentence investigation has been completed . . . . The defendant will not be allowed to withdraw the plea if the applicable guideline range is higher than expected . . . . **The defendant fully understands that determination of the sentencing range or guideline level, as well as the actual sentence imposed, is solely in the discretion of the Court** . . . .

* * *

The United States has made and, and will make, NO AGREEMENT . . . that a specific sentence is the appropriate disposition. . . .

R. Doc. 31 at 2-3 (emphasis in original).

Moreover, at the plea hearing, the district court again informed Mr. Barber of the range of his possible sentence. Mr. Barber was warned that his sentence might be different than that estimated by his counsel and was told he would not be allowed to withdraw his plea if his sentence was greater than his estimated sentence. Upon inquiry, Mr. Barber stated during the plea colloquy that he understood his sentence could range from five years to forty years, *see* R. Vol. II. (10/29/97 Plea Hearing Transcript) at 4-5, and that the government had made no agreement as to the sentence he would receive, *see id*. at 6. Finally, as noted above, after Mr. Barber reviewed the presentence report explaining that he was subject to § 4B1.1's career enhancement provisions, the government offered to

-7-

allow him to withdraw his plea because of the misunderstanding regarding the application of the career offender provisions. After consultation with his attorney, Mr. Barber chose not to withdraw his plea.

Thus, the record does not support a conclusion that Mr. Barber's guilty plea was predicated in any significant degree upon an unfulfilled promise or representation of the government that his sentence would be between nine and eleven years. In similar circumstances, we have held that an erroneous estimate attributable to a more extensive criminal history does not render a plea involuntary. *See United States v. Williams*, 919 F.2d 1451, 1456-57 (10th Cir. 1990) (defendant's counsel and government miscalculated sentence); *United States v. Rhodes*, 913 F.2d 839, 842-44 (10th Cir. 1990); *see also United States v. Fortney*, 957 F.2d 629, 631 (8th Cir. 1992) (per curiam) (holding that government's incorrect estimate of defendant's criminal history category does not necessarily render guilty plea invalid). Mr. Barber could not have reasonably understood from the plea agreement or any of the government's statements that it was representing he would receive a sentence of between nine and eleven years. "A defendant's subjective understanding [as to his anticipated sentence], if it is not based upon any promise made by the defense attorney, the prosecutor, or the court, will not undermine the constitutionality of the plea or raise a question of

whether the state breached its end of a plea bargain." *Cunningham v. Diesslin*, 92 F.3d 1054, 1061 (10th Cir. 1996).

Mr. Barber also claims that the government breached the terms of the plea agreement by arguing for a sentence range outside the scope of the agreement, that is, by arguing in support of the career offender enhancement provisions after the presentence report revealed that he had three prior felonies. He argues that he understood the dismissal of the 21 U.S.C. § 851 enhancement information to mean that no prior offenses would be used to increase his sentence. These arguments are without merit. Mr. Barber's sentence was not enhanced pursuant to § 851, but under U.S.S.G. 4B1.1's career offender provisions. Mr. Barber's increased sentence under U.S.S.G. § 4B1.1 is well below the maximum statutory sentencing range and, therefore, the filing of a § 851 enhancement information is not required. *See United States v. Allen*, 24 F.3d 1180, 1184-85 (10th Cir. 1994). Mr. Barber suggests that we reconsider and overrule *Allen*, but this we cannot do. *See United States v. Spedalieri*, 910 F.2d 707, 710, n.3 (10th Cir. 1990) (a three-judge panel is bound to adhere to and cannot overrule circuit precedent.). Contrary to Mr. Barber's contention, the government's agreement to dismiss the enhancement information did not obligate it not to seek a career offender enhancement. "[W]e shall not impose duties on the government that are not an

express or implied part of its agreement with the defendant." *United States v. Furman* , 112 F.3d 435, 439 (10th Cir. 1997).

Finally, Mr. Barber contends that the government breached the plea agreement by negligently failing to fulfill its obligation under Fed. R. Crim. P. 16(a)(1)(B) to discover and disclose his prior criminal record.  Mr. Barber argues that the government negligently misrepresented to him that he only had one prior felony and that he had the right to rely on this representation of his criminal history when he accepted the plea bargain.  We disagree; Mr. Barber "is not entitled to be sentenced based on incorrect information."  *Fortney* , 957 F.2d at 631 (holding no sentence reduction necessary when government initially underestimated calculation of defendant's criminal history).  Moreover, Mr. Barber's argument that he relied on the government's erroneous criminal history estimate is belied by his statements in open court during the plea colloquy that he was not relying on any promises not set forth in the plea agreement and that there were no representations or promises from anyone as to what his sentence would be.  R. Vol. II (10/29/97 Plea Hearing Transcript), at 10.  *See Cunningham* , 92 F.3d at 1062.  The government did not breach the terms of the plea agreement, thus, Mr. Barber is not entitled to specific performance.  *See Fortney* 957 F.2d at 631.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge