**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0509n.06
Filed: August 19, 2008

**Case No. 07-5532**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| JOHNNY D. COLLINS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**BEFORE:  BATCHELDER and SUTTON, Circuit Judges; and BARZILAY, Judge.**[*]

**BARZILAY**, **Judge**: Appellant Johnny D. Collins ("Collins") appeals the denial of his

motion to withdraw a plea of guilty for being a convicted felon in possession of ammunition in

violation of 18 U.S.C. §§ 922(g)(1) and 924(e).[1]  Specifically, Collins argues that the court

abused its discretion in finding a failure to show a "fair and just reason" for withdrawal pursuant

to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure and the factors enumerated in

---

[*] The Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by designation.

[1] Pursuant to § 922(g)(1), it is unlawful for any person with a prior felony conviction "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  § 922(g)(1).  Furthermore, persons who violate § 922(g) and have three previous convictions for a violent felony or a serious drug offence, or both, shall be fined and imprisoned not less than fifteen years.  *See* § 924(e).

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994).[2]  For the reasons set forth below,

we affirm the district court's decision.

**I.**

On October 14, 2004, the Kingsport Police Department responded to a "shot fired" call in

the vicinity of 1807 Park Street.  JA 24.  After arriving at the scene, officers spoke to neighbors

who reported hearing gunshot-like sounds.  Two witnesses had observed Collins drive his truck

erratically around the neighborhood, and then exit the vehicle with a firearm in his hand.  JA 24.

The officers then approached Collins's residence, whereupon Mr. Keith Vestal ("Vestal")

emerged from inside and handed the officers a North American Arms .22 caliber mini-revolver.

Vestal alleged both that he had escorted Collins home because Collins appeared to be intoxicated

and that he had taken the firearm, which was fully loaded and had one spent cartridge in the

cylinder, from Collins.  JA 135.  In addition, Collins "had a strong odor of an alcoholic beverage

about his person, his speech was slurred, and he was unsteady on his feet."  JA 135.  The police

officers subsequently arrested Collins, and while conducting a routine search of his person

discovered ten rounds of .22 caliber CCI ammunition in the pocket of his denim pants.  JA 24.

On May 9, 2006, a federal grand jury in the Eastern District of Tennessee returned a two-

count indictment charging Collins with being a convicted felon[3] in possession of a firearm

("Count One") and being a convicted felon in possession of ammunition ("Count Two") in

---

[2] A sentencing issue in *Bashara* not relevant to this case was superseded by a November 1993 amendment clarifying § 3B1.1 of the U.S. Sentencing Guidelines, as recognized in *United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000).

[3] The parties stipulated that Collins had six prior felony burglary convictions and one prior felony drug conviction.  JA 24-25.

violation of 18 U.S.C. §§ 922(g)(1) and 924(e). JA 9-10. The court issued an order on May 15, 2006, appointing a public defender, Tim S. Moore ("Moore"), to represent the appellant. JA 3. Collins agreed to plead guilty to Count One, in exchange for the dismissal of Count Two at sentencing, and signed a written plea agreement on July 31, 2006. JA 5.

The next day, Collins moved to withdraw his plea agreement as to Count One, citing a filing error, and subsequently moved to plead guilty to Count Two. JA 5, 26. The court granted the motion and Collins signed the second plea agreement on August 15, 2006, whereby he pled guilty to the second count. JA 6, 18-23. The agreement specifically stated that Collins would be "imprison[ed] not less than fifteen (15) years and up to life," if the court determined him subject to the provisions of the Armed Career Criminal Act. JA 19. After conducting a second plea colloquy, the court accepted Collins's plea and set the sentencing hearing for November 7, 2006, which was later rescheduled for December 11, 2006.[4] JA 6, 51.

On December 4, 2006, Collins filed a *pro se* motion to withdraw his plea agreement and to appoint new counsel. JA 26-27. In his motion, Collins alleged that Mr. Brian Hackett ("Hackett"), an investigator at the Federal Defender Services, had provided him with inaccurate information on the consequences of entering the second plea agreement. JA 26. In addition, Collins claimed that his attorney, Moore, did not return his phone calls to discuss the pre-sentence report and sentencing guidelines. JA 26. On December 11, 2006, the district court held a hearing on the *pro se* motion, appointed new counsel for the appellant, and set the date for further hearing. JA 6.

---

[4] At the second plea colloquy, the court acknowledged that Collins had gone through a first plea colloquy, stating "[w]e're going to go through the same questions and make sure you fully understand what we're doing." JA 38.

3

In March 2007, the district court held an evidentiary hearing, where it heard testimony from Collins, Hackett, and Ms. Patricia Devoti ("Devoti"), a paralegal with the Federal Public Defender's Office, regarding the events that took place at the plea signing. JA 53-127. Ultimately, the court found that Collins had not presented a "fair and just" reason for withdrawing his plea agreement and subsequently denied his motion. JA 125-127; *see* Fed. R. Crim. P. 11 (d)(2)(B). On April 19, 2007, the district court sentenced the appellant to a statutory mandatory minimum term of 180 months imprisonment. JA 7. Collins now appeals.

## II.

This Court "reviews a district court's denial of a motion to withdraw a guilty plea for abuse of discretion." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006). A district court abuses its discretion when it "relies on clearly erroneous findings of fact, improperly applies the law or uses an erroneous legal standard." *Id.*

A defendant's right to withdraw a guilty plea prior to sentencing is not absolute. *See id.* Once a district court accepts a guilty plea after a proper Rule 11 hearing, a defendant may withdraw from the plea agreement only if he is able to present the court with a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The purpose of Rule 11(d) is "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *Ellis*, 470 F.3d at 280-81. Therefore, withdrawal of the plea is appropriate only where there is a showing of "real confusion or misunderstanding of the terms of the agreement." *Id*. at 281. The defendant bears the burden

of showing a "fair and just reason" for withdrawal of the plea. *See id.* at 280 (citing *United States v. Mader*, 251 F.3d 1099, 1105 (6th Cir. 2001)).

**III.**

In *Bashara*, the court articulated the seven factors it would consider to determine whether an appellant offered a "fair and just reason" for withdrawing a guilty plea. *Bashara*, 27 F.3d at 1181. Those factors include:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Id.*; *see Ellis*, 470 F.3d at 281. These considerations represent "a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). As a whole, the application of these factors to the instant case demonstrates that the district court did not abuse its discretion and supports this court's affirming of the district court's denial of the plea-withdrawal motion. Each factor will be discussed in turn.

The court must first consider the length of time that has elapsed between the plea and the motion to withdraw. *See Bashara*, 27 F.3d at 1181. Generally, the court denies motions to vacate if a substantial period of time has elapsed prior to the entry of the motion. *See United States v. Durham*, 178 F.3d 796, 798-99 (6th Cir. 1999) (seventy-seven days); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (sixty-seven days); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (fifty-five days); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (five weeks). In this case, Collins waited nearly four months before filing his *pro se*

5

motion to withdraw, far exceeding the time frame that this court has previously held reasonable. *See* JA 23, 27.

Even when the defendant files his motion after a substantial period of time, the court considers any valid explanation for his failure to move earlier in the proceedings. *See Bashara*, 27 F.3d at 1181. Here, Collins argues that his inability to properly communicate with his attorney regarding the plea and its sentencing consequences prevented him from filing his motion in a timely manner. Appellant Br. 6, 14. In so claiming, Collins relies on *United States v. Tindell*, No. 306-CR-30, 2007 WL 208527 (E.D. Tenn. Jan. 24, 2007), which is not binding authority and is distinguishable from the case at hand. *Id.*; Appellant. Br. 21. Although the *Tindell* court granted the defendant's motion to withdraw based on a breakdown of communication between attorney and client, the defendant had (1) clearly indicated that he would file a motion to withdraw, and (2) filed two *pro se* letters explaining that his first two court-appointed attorneys had failed to file motions to withdraw per his specific and repeated requests. *See Tindell*, 2007 WL 208527 at *6. In contrast, Collins did not attempt to contact his attorney (or the Federal Public Defender's Office) until after he received the October 4, 2006 pre-sentence report – nearly two months after entering his plea, JA 86-87, and waited to file his motion with the court until December 4, 2006. JA 26-27. If Collins had in fact wished to withdraw his plea, he could have contacted either a member of Moore's staff or the court, thereby preserving his intent to withdraw the plea. *See Tindell* 2007 WL 208527 at *6.

The court also considers whether the appellant has asserted or maintained his innocence over the course of the proceedings. *See Bashara*, 27 F.3d at 1181. Here, Collins made no

assertions of innocence until he filed his motion to withdraw on December 4, 2006.[5] JA 26-27.

Indeed, Collins not only pled guilty *twice* and admitted to the facts contained in the Agreed

Factual Basis, he also verbally confirmed that he was in fact guilty at the plea colloquy.[6] JA 45,

126. Furthermore, Collins failed to provide the court with any specific facts to support his

alleged innocence. *See Everard v. United States*, 102 F.3d 763, 766 (6th Cir. 1996) (citing

*United States v. Ludwig*, 972 F.2d 948, 951 (8th Cir. 1992)). The credible evidence in the record

therefore undercuts Collins's claim of innocence.

Under the fourth factor, the court must consider the circumstances underlying the entry of

the defendant's guilty plea. *See Bashara*, 27 F.3d at 1181. Collins argues that the court should

grant his plea withdrawal motion due to a breakdown of communication between attorney and

client. Appellant Br. 21. Specifically, Collins claims that he was unable to reach Moore and as a

result, misunderstood the consequences of entering a plea. Appellant Br. 16, 19-21. Moreover,

Collins contends that he was unaware of the possible armed career criminal classification until he

received the probation hearing report. JA 82.

Collins also contends that he relied on Hackett's erroneous sentencing advice, to his

detriment, in choosing what appeared to be the lesser of two possible sentences. Appellant Br.

13-14. According to Collins, "Mr. Hackett advised [him] that if [he] did not take the plea to

Count [Two] placing [him] as an armed career criminal, [he] would be looking at five years on

each bullet . . . which would mean . . . 50 years incarceration. In addition, Mr. Hackett advised

---

[5] Collins also reiterated his innocence at the March 2007 evidentiary hearing. JA 85.

[6] At the plea colloquy Collins answered "yes" when the court asked, "are you [Collins] offering to plead guilty because you are, in fact guilty?" JA 45.

[him] that the Judge would impose an additional period of incarceration of 25 years (half of the 50 years imposed for the bullets) for wasting his time in court if [he] decided to proceed to trial." JA 26. Similarly, at the hearing Collins testified that Hackett had said that Collins "could take the 50 [years] with the 20 [years] added to it," *i.e.*, five years per bullet found on his person and twenty additional years imposed at the judge's discretion. JA 82. In addition, Hackett purportedly told Collins that there would be a fifteen-year cap on his sentence if he pled guilty to Count Two, which Collins understood to mean that he could not face more than fifteen years imprisonment and would possibly receive less at the judge's discretion.[7] JA 82, 90-91. Based on his understanding of this information, Collins then chose the "lesser sentence" and signed the plea agreement. JA 26, 93.

Even if Moore's absence and Hackett's comments resulted in confusion, the record is replete with evidence indicating that Collins understood his plea and its consequences. Devoti testified that she discussed the applicable sentencing guidelines with Collins and that he appeared to understand the potential sentence. JA 70-71, 75. Specifically, Devoti stated that she had "reviewed the guidelines with [Collins]" and informed him "that he was going to be an armed career criminal." JA 71, 114. According to Devoti, Collins appeared to understand the "ramifications" of pleading guilty and the potential sentence. JA 75. More significantly, at the appellant's plea colloquy, the district court judge not only made the requisite procedural inquiries

---

[7] Although Hackett confirmed that the aforementioned conversation took place, he claimed that his statement about the bullets was simply an example of how Collins could have been charged by the prosecutor. JA 101-02. Hackett explained that he wanted the defendant to stop blaming the prosecutor and realize "this is not about the U.S. Attorney; it's about you possessing a gun and bullets." JA 101. Hackett further testified that he did not force the defendant to sign the plea agreement and that he repeatedly informed Collins of the option of proceeding to trial. JA 110-11.

8

into Collins's understanding of the charges and the possible penalty, but also advised Collins of the role that the applicable sentencing guidelines would have in the determination of his sentence. JA 45-49. During that colloquy, the prosecution told Collins that "[i]f the Court does determine that the Defendant is an armed career criminal, the statute calls for a minimum mandatory 15 years and up to life in prison . . . ." JA 46. The court further explained that Collins would not be permitted to withdraw his plea on the basis of the sentence that he might receive. JA 47-48.

Collins also had the opportunity to read the plea agreement, which clearly states that "[i]f defendant is determined to be an Armed Career Criminal," he will be subject to "a term of imprisonment of not less than fifteen (15) years and up to life." JA 19. Furthermore, Collins acknowledged under oath that he understood the charges against him, the terms of the plea agreement, and the rights he was giving up by pleading guilty. JA 45-47. Collins also affirmed that he was satisfied with his lawyer's advice and representation.[8] JA 41.

Under the fifth and sixth factors, the court must consider the defendant's nature and background, as well as the degree to which the defendant had prior experience with the criminal justice system. *See Bashara*, 27 F.3d at 1181. Though Collins has only an eighth grade education, nothing in the record suggests he did not comprehend the charges against him or the consequences of entering a plea agreement. JA 39-40. Collins unequivocally attested to his

---

[8] At the plea colloquy, the court specifically asked: "Mr. Collins, are you satisfied with your lawyer's advice and his representation in the case?" Collins replied affirmatively, stating "[y]es, sir." JA 41. The court must note with disapproval, however, the fact that attorney Moore was not present when Collins signed his plea agreement in the presence of the two employees from the Federal Defender's Office. JA 99-100. This is not a good practice, but does not affect the outcome of this case for the reasons discussed in the body of this opinion.

9

understanding of the proceedings. JA 40, 42. Additionally, his long criminal record demonstrates that he is familiar with the criminal justice system and with legal proceedings. *See* JA 24-25, 126-127, 138-140.

The final factor that the court must consider is the potential prejudice to the government. *See Bashara*, 27 F.3d at 1181. Although the district court found that the United States would be prejudiced in this case, this court has previously held that where a defendant fails to show cause for withdrawal of the guilty plea, the court need not consider the seventh *Bashara* factor. *See Ellis*, 470 F.3d at 285-86. Therefore, because Collins failed to show "fair and just reason" for withdrawing his plea under the first six *Bashara* factors, the government need not establish prejudice.

**IV.**

Having reviewed the record evidence under the *Bashara* factors, we find that the district court did not abuse its discretion in denying Collins's motion to withdraw the guilty plea. For the aforementioned reasons we therefore **AFFIRM** the decision of the district court.

10