NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 4, 2014
Decided November 5, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-1280

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | Nos. 2:12cr77 & 2:13cr16 |
| RONALD PARKS, *Defendant-Appellant.* | Rudy Lozano, *Judge.* |

### O R D E R

Ronald Parks kidnapped a woman at a gas station in Hammond, Indiana, and drove her to Illinois and back again in her own car before fleeing with $7 and her cell-phone battery. Eight days later, he robbed a Hammond bank and left with a little over $4,000 after threatening to draw a gun if the teller did not meet his demands. Parks's probation officer recognized him from a bank surveillance photo, and when

Parks returned to the same bank a few days after the robbery, he was arrested. DNA then linked him to the kidnapping. Parks pleaded guilty to both kidnapping, 18 U.S.C. § 1201(a)(1), and bank robbery, *id.* § 2113(a). As a part of his written plea agreement, Parks waived the right to challenge his convictions or sentence on appeal.

A probation officer issued a presentence investigation report categorizing Parks as a career offender. *See* U.S.S.G. § 4B1.1. After reviewing that report, Parks moved to withdraw his guilty pleas on the ground that defense counsel had not advised him that he would be sentenced as a career offender. The district court denied Parks's motion. At sentencing the court adopted the probation officer's guidelines calculations and imposed a total of 262 months' imprisonment, which was within the guidelines range.

Parks filed a notice of appeal, but his appointed attorney has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967).[1] Parks has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis

---

[1] Counsel represents that Parks appeals only from his conviction and sentence for bank robbery, and not for kidnapping. We disagree with this contention. Although Parks was indicted separately for the two crimes, the proceedings were consolidated and resulted in a single judgment for both offenses. Parks filed a notice of appeal from the "final judgment," not from one or the other conviction. And though on his notice of appeal he typed only the case number from the bank robbery indictment, that oversight does not make the notice of appeal ineffective to challenge the kidnapping conviction. *See United States v. Grant*, 256 F.3d 1146, 1150 (11th Cir. 2001) (concluding that notice of appeal which omitted case number from one of two indictments prosecuted jointly was effective to confer appellate jurisdiction over both convictions); *see also Shapiro ex rel Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 863 (9th Cir. 2004) (explaining that "intent to appeal a specific judgment can be fairly inferred where the failure to cite the specific judgment was clearly an oversight or mistake"). And even if the oversight did have that effect, the problem was cured by Parks's docketing statement. That submission, which includes both indictment numbers and was filed within the 14 days allotted for a notice of appeal, itself satisfies the requirement of a timely notice of appeal. *See Trotter v. Regents of Univ. of New Mexico*, 219 F.3d 1179, 1184 (10th Cir. 2000) (noting that docketing statement filed within deadline for notice of appeal may operate as notice of appeal); *Hawkins v. City of Farmington*, 189 F.3d 695, 705 n.12 (8th Cir. 1999) (same).

in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

In his *Anders* submission counsel evaluates whether Parks could challenge the voluntariness of his guilty pleas or the district court's refusal to allow him to withdraw those pleas. Counsel neglects to say, however, whether he discussed these possibilities with his client. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Yet counsel's omission does not require that we deny the *Anders* motion because counsel's discussion and our review of the record persuades us that any appellate claim would be frivolous.

Substantial compliance with Federal Rule of Criminal Procedure 11 is enough to shield a guilty plea from challenge on direct appeal. *See United States v. Blalock,* 321 F.3d 686, 688–89 (7th Cir. 2003); *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997); *United States v. Lovett*, 844 F.2d 487, 491 (7th Cir. 1988). Appellate counsel points out that the district court neglected to tell Parks that he could persist with his pleas of not guilty to the charged crimes, *see* FED. R. CRIM. P. 11(b)(1)(B), and that he could be prosecuted for perjury if he made a false statement under oath, *see* FED. R. CRIM. P. 11(b)(1)(A). Counsel also says that the court should have admonished Parks about his right to a "speedy trial." Yet an appellate claim based on any of these omissions would be frivolous. These small oversights do not undermine the plea colloquy. Parks knew that he could stand by his pleas of not guilty; after all, he had pleaded not guilty at his arraignment and was in court for the very purpose of changing his pleas from not guilty to guilty. *See Knox*, 287 F.3d at 670. Similarly, although the district court neglected to admonish Parks about the consequence of lying under oath, that omission was harmless because no perjury charge is pending or contemplated. *See United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). And as for Parks's right to a speedy trial, counsel is mistaken in asserting that the district court omitted a necessary admonishment; Rule 11 imposes no such requirement.

Counsel also considers whether Parks could argue that the district court abused its discretion in refusing to let him withdraw his guilty pleas. Counsel concludes, and we agree, that this potential challenge would be frivolous. During the hearing on Parks's motion, the district court concluded that his guilty pleas were voluntary, and the only reason that Parks gave for asking to withdraw those pleas is that he did not anticipate being sentenced as a career offender. But underestimating the guidelines imprisonment range is not a good reason for withdrawing a guilty plea. *See United*

*States v. Redmond*, 667 F.3d 863, 872 (7th Cir. 2012); *United States v. Ludwig*, 972 F.2d 948, 949–51 (8th Cir. 1992); *United States v. Rhodes*, 913 F.2d 839, 845–46 (10th Cir. 1990); *United States v. Pearson*, 910 F.2d 221, 222–23 (5th Cir. 1990).

Because Parks's guilty pleas were voluntary and the district court did not abuse its discretion in denying his motion to withdraw those pleas, it follows, says counsel, that this appeal is frivolous given Parks's broad appeal waiver. We agree with that assessment. Because an appeal waiver stands or falls with the guilty plea, *see United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011), we must enforce Parks's waiver.

Thus, we GRANT counsel's motion to withdraw and DISMISS the appeal.